**HECK, Plaintiff-Appellant, v. FAULKNER, Exr., Defendant-Appellee.**

Ohio Appeals, Second District, Champaign County.

No. 126.   Decided October 27, 1951.

Harvey Crow, Urbana, Leo Duroker, St. Paris, for plaintiff-appellant.

Richard P. Faulkner, Urbana, Shipman & Shipman, Troy, for defendant-appellee.

## OPINION

By THE COURT:

Submitted on motion of defendant-appellee to dismiss the appeal for failure of plaintiff-appellant to file briefs within the time provided by Rule 7 of the Court of Appeals.

The rule provides that upon failure of appellant to file his assignments of error, his briefs or bill of exceptions within the time provided, namely; 50 days after the filing of the notice of appeal, in law appeals, unless good cause be shown to the contrary, the case will be dismissed for want of prosecution or otherwise disposed of at the discretion of the Court.

The notice of appeal was filed on the 12th of June, 1951. The briefs of plaintiff-appellant were filed on September 18, 1951, some 96 days after the filing of the notice of appeal and more than 40 days after the time had elapsed within which they should have been filed under the rule.

An affidavit is filed by Mr. Crow of counsel for plaintiff wherein there is set up facts which are intended to establish that there was good cause for the failure to file the briefs. We cannot so determine. The rule is promulgated by the Court of Appeals of Ohio and this Court has enforced the rule almost without exception. Appellant was represented by two counsel

and it is not sufficient to say that because one of them did not fully realize the import of the rule it should not be enforced. It is the obligation of the counsel to be informed on matters of procedure affecting a case in which they are employed. There was ample time before affiant went to Cleveland to have filed the briefs. As a matter of fact, they were due before the first of August. The proper procedure for counsel to observe if it is found that they will not be able to file their briefs within the time prescribed by the rule is to take an extender of leave which should always be done before the time has elapsed within which the briefs should be filed.

Many of our cases are reported wherein we have supported the enforcement of the rule which counsel can find if they care to examine them. Suffice to say, we recognize that a strict enforcement of the rule at times works hardship but over all the effect of such enforcement accomplishes prompt disposition of cases and the better administration of justice.

The order will be that the judgment be affirmed, inasmuch as the appeal has been perfected, for failure to observe Rule 7 in the filing of the briefs of appellant.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.